IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 2:14-CR-060-D (1) |
| | § | |
| HUGO GOMEZ-BARRIENTOS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Hugo Gomez-Barrientos ("Gomez") filed on April 8, 2019 a motion to modify the terms of imprisonment, requesting a sentence reduction under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c). He also filed on April 8, 2019 a motion to reinstate his March 11, 2019 motion requesting the same relief, which this court denied on March 13, 2019. The court denies the motions.

Gomez maintains that, "if sentenced today, [he] would not have received a sentence of ten (10) years." He posits that he is entitled to a 2-level sentence reduction based on 2014 drug guideline amendments and also based on improper sentencing by the court when he was sentenced originally. His motion is two-fold.

First, Gomez contends that the Supreme Court of the United States, in *Hughes v. United States*, ___ U.S. ___, 138 S.Ct. 1765 (2018), extended the relief available under Amendment 782 by making the guideline amendment applicable in cases where the defendant accepted a plea pursuant to a Rule 11 agreement. This court did not deny relief to Gomez, however, based on the nature of his plea, but because Amendment 782 did not have the effect of lowering his guideline

range. Thus Gomez's "new theory" for relief is inapplicable, and he still is ineligible for a sentence reduction based on a subsequently lowered guideline range.

Second, Gomez contends that the United States "constructively amended" his indictment through the Presentence Investigation Report, which found Gomez responsible for an amount of methamphetamine greater than the amount listed in the factual resume. Gomez maintains that this fact increased his minimum mandatory sentence to ten years (up from five years) and resulted in a sentence of 120 months' imprisonment. The court first notes Gomez did not object to the calculations of the guidelines at sentencing, did not appeal his sentence, and has previously sought and been denied habeas relief. To the extent Gomez challenges his original conviction or sentence, Gomez must bring these claims in a successive habeas proceeding. Gomez has neither complied with 28 U.S.C. § 2244(b)(3) to file a successive § 2255 motion in this court, nor has he requested that this court forward his motion to the United States Court of Appeals for the Fifth Circuit to request permission to file a successive habeas petition.

Furthermore, Gomez is factually incorrect concerning this court's imposition of sentence. When Judge Robinson sentenced Gomez on February 3, 2015, she explained:

> Now the Court set your penalty toward the high end of the guidelines. While you don't have a felony conviction, you have a long history of violence, possessing weapons and drugs, and you've posed a danger to society. This sentence is necessary to address the sentencing objectives of punishment and deterrence.

Sent. Tr. 8.

It is also clear from the sentencing record that Judge Robinson did not increase the mandatory minimum from five years to ten years, and did not sentence Gomez to the mandatory minimum, but rather to a higher sentence in the middle of the guideline range. Judge Robinson

repeatedly stated the mandatory minimum sentence was five years, and all documents filed in the case reflect that minimum. Judge Robinson was very specific in the reasons for setting the sentence at 120 months' imprisonment. Gomez is therefore factually incorrect in contending that his minimum sentence was altered during sentencing.

Because Gomez's motion to reinstate his prior request only raises the same issues to the court, it is likewise denied.

Accordingly, Gomez's April 8, 2019 motion to reinstate moving papers and motion to modify the terms of imprisonment are denied.

**SO ORDERED**.

April 11, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE