IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 2:14-CR-060-D(1) |
| | § | |
| HUGO GOMEZ-BARRIENTOS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Hugo Gomez-Barrientos ("Gomez") filed on May 20, 2019 a motion to modify the terms of imprisonment, requesting a sentence reduction under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c). The court denies the motion.

I

The court denied a similar motion on April 11, 2019; it cautions Gomez against filing duplicate motions and warns him that abusive or repetitive motion filing can lead to the imposition of sanctions or the unfiling of such motions in the future.

II

Gomez maintains that he is entitled to a 2-level sentence reduction based on 2014 drug guideline amendments and also based on improper sentencing when he was sentenced originally due to errors in the interpretation of the factual resume.

First, Gomez contends that in *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court of the United States created a two-part test for a sentence reduction pursuant to a lowered guideline range. He essentially maintains that, pursuant to a Rule 11 agreement, the court has refused to consider a guideline reduction based on his plea. But the court did not deny relief based

on the nature of Gomez's plea; instead, it did so because Amendment 782 did not have the effect of lowering his guideline range, as the court explained in its April 11, 2019 memorandum opinion and order. Thus Gomez's "new theory" for relief is not applicable, and he is still not eligible for a sentence reduction based on a subsequently-lowered guideline range.

Second, Gomez contends that Amendment 782 to the United States Sentencing Guidelines was not applied in his case at the time he was sentenced originally. Gomez was held accountable for 3,928.8 kilograms of marihuana equivalency, based on the Presentence Investigation Report. This calculation afforded him a base offense level of 32. Under the *current* guideline range, when Amendment 782 is incorporated, his base offense level *remains* a 32. Thus Gomez is not entitled to a sentence reduction based on any amendment to the sentencing guidelines.

Accordingly, Gomez's May 20, 2019 motion to modify the terms of imprisonment is denied.

**SO ORDERED**.

June 14, 2019.

                                                              SIDNEY A. FITZWATER
                                                               SENIOR JUDGE